# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| EDDIE WILLIAMS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:17-CR-0014-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-1657-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Eddie Williams' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 48], and the government's response, [Doc. 50]. Following a September 5, 2018, evidentiary hearing, [Doc. 56], and having considered the motion and Williams' testimony, it is **RECOMMENDED** that Williams' § 2255 motion be denied.

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a five-count indictment against Williams charging him in Count One with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); in Counts Two and Three with possession with intent to distribute heroin and cocaine base, in

violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C); in Count Four with distribution of heroin, in violation of §§ 841(a) and 841(b)(1)(C); and in Count Five with possession of a firearm during a drug trafficking crime, in violation of §§ 924(c)(1)(A)(ii). [Doc. 1]. Represented by Allison Dawson of the Federal Public Defender Program, Inc. ("Dawson"), Williams entered a negotiated guilty plea to Counts Four and Five. [Docs. 4; 40]. The government agreed to dismiss the remaining counts and to recommend that Williams be sentenced to 180 months of confinement. [Doc. 40-1 at 5, 7].

The plea agreement included a limited waiver of appeal, which provides that Williams

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Williams] may file a direct appeal of a custodial sentence greater than 180 months; but in such an appeal, [Williams] will not challenge any guideline computation jointly recommended by the Government and [Williams] in this Plea Agreement and adopted by the Court at sentencing. Claims that [Williams'] counsel rendered constitutionally ineffective assistance are excepted from this waiver.

[Id. at 10]. Williams signed the plea agreement and a separate certification section, which states in relevant part:

2

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 11-12].

At the plea hearing, Williams was placed under oath, the Court explained the rights Williams was giving up by pleading guilty, and Williams stated that he understood and was willing to waive those rights. [Doc. 53 at 3, 5-8]. The government then summarized the terms of the plea agreement, including the appeal waiver, and Williams agreed with the government's description of the agreement. [Id. at 8-11]. Williams acknowledged that no one had threatened or forced him to plead guilty, that no one had promised him anything not contained in the plea agreement, that no one had promised him a particular sentence, and that no one had advised him not to tell the complete truth. [Id. at 11]. Williams then confirmed that he had sufficient time to discuss this matter fully with his attorney prior to entering a plea of guilty and that he was satisfied with his lawyer's representation. [Id. at 13]. Williams

3

understood that he was charged in Count Four with distributing heroin and in Count Five with carrying a firearm while he committed Count Four and that he faced a total possible maximum sentence of twenty-five years of imprisonment and a mandatory minimum sentence of five years. [Id. at 14-18]. The Court also reviewed the terms of the appeal waiver, and Williams agreed that he understood the effect of the appeal waiver and was giving up his right to appeal freely and voluntarily. [Id. at 18-19]. Williams also understood that he could not withdraw his plea if he received a higher sentence than he expected or if the Court did not accept the government's sentencing recommendations. [Id. at 19-20]. The government summarized what the evidence would show if the case went to trial, and Williams affirmed that he did not disagree with any of the facts stated by the government and that he was guilty of both counts. [Id. at 21-23]. The Court then accepted Williams plea, finding that he was not "under the influence of any substance which might affect his judgment or his actions in any manner" and that he was "competent to understand these proceedings and to enter a knowing plea of guilty." [Id. at 24].

At sentencing, the Court determined that Williams' guideline range was 262 to 327 months of imprisonment. [Doc. 54 at 5]. The Court then imposed the agreed

AO 72A
(Rev.8/82)

upon sentence of 180 months of imprisonment.  [Id. at 16-17; Doc. 44].  Williams did not file a direct appeal.

Williams timely filed this pro se § 2255 motion, arguing that (1) Dawson provided him ineffective assistance by failing to file a notice of appeal concerning his mental competency and the drug amount, although Williams had instructed counsel to do so; and (2) he should have received the benefit of Sentencing Guidelines Amendment 782, but did not. [Doc. 48 at 4, 9].  The government responded that both grounds lack merit, but acknowledged that a limited evidentiary hearing was necessary to resolve ground one.  [Doc. 50 at 4-11].  The undersigned appointed counsel to represent Williams, [Doc. 51], and conducted an evidentiary hearing to address ground one only, [Docs. 52; 56].  However, at the evidentiary hearing, Williams withdrew ground one when he testified that he did not ask his attorney to file a direct appeal and did not wish to pursue an appeal, leaving only ground two.[1]

---

[1] Williams also testified that Dawson was ineffective for failing to seek a downward departure at sentencing based on Williams' history of drug abuse and mental health issues and by failing to object to the drug amount.  However, Williams did not assert these claims in his § 2255 motion, see [Doc. 48], nor has he moved to amend his motion.  Moreover, Williams was represented by counsel at the hearing, but counsel did not move to amend Williams' § 2255 motion based on the testimony and declined the opportunity to file any post-hearing brief, so the Court does not further address Williams' testimony regarding counsel's assistance at sentencing as these claims have not been asserted in § 2255 motion.  See Prada v. United States, 692 F.

5

## II.  DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).

Williams claims that he should have received the benefit of Sentencing Guidelines Amendment 782, but did not. [Doc. 48 at 9]. This amendment, which reduced the base offense levels in U.S.S.G. § 2D1.1 "by two levels across all drug types," went into effect on November 1, 2014, United States v. Maiello, 805 F.3d 992, 994 (11th Cir. 2015), nearly three years before Williams' October 2, 2017, sentencing hearing, [Doc. 54]. Thus, any relevant changes in Amendment 782 were already incorporated into the calculation of Williams' sentencing guideline range. In fact, this

---

App'x 572, 574 (11th Cir. 2017) (per curiam) (finding that district court did not abuse its discretion in construing movant's reply brief as an attempt to amend his original 28 U.S.C. § 2255 motion and in denying that attempt because movant raised new issues in his reply brief but never sought leave to file an amended motion).

6

amendment was not relevant to Williams because he was sentenced as a career offender under U.S.S.G. § 4B1.1.  [Doc. 54 at 3].  Accordingly, this ground for relief lacks merit.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

7

Based on the foregoing discussion of Williams' sole remaining ground for relief, the resolution of the issue presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Williams' § 2255 motion, [Doc. 48], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 1st day of October, 2018.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

8